## Harry O. Hahn Seafood Inc. v. Dabrishus

*Alan B. Ziegler,* for plaintiff.

*Frederick R. Mogel,* for defendant Elaine Dabrishus.

*Thomas M. Golden,* for defendant United Seafood Co. Inc.

ESHELMAN, T., *J.,* June 2, 1988—The defendant, Elaine Dabrishus, and her present employer, United Seafood Co. Inc., have appealed our contempt order of June 22, 1987. Pursuant to Pa. R.C.P. 1925, we are issuing this opinion in support of our order.

On March 4, 1985, defendant Elaine Dabrishus, commenced employment with plaintiff, Harry O. Hahn Seafood Inc. On her first day of employment defendant signed an employment agreement. The agreement contained a restrictive covenant. The covenant prevented Dabrishus from working with any seafood wholesaler who competed directly or indirectly with plaintiff in the area of Berks, Montgomery Schuylkill or Chester Counties for a period of two years.

On June 20, 1986, Dabrishus left the employment of plaintiff. The following day she commenced employment with United Seafood Co. Inc., which is a direct competitor of plaintiff in the Berks County area. On June 23, 1986, plaintiff sent a letter to Dabrishus reminding her of the restrictive covenant in the employment agreement. When she refused to resign her position at United Seafood, plaintiff moved for a preliminary injunction to prevent Dabrishus from continuing employment at United Seafood.

Three days of hearing were conducted by the late Honorable Arthur Ed. Saylor. On October 15, 1986, the late Judge Saylor issued the following order:

"(1) Until further order, for a period of 2 years commencing from the termination of her employment with plaintiff (June 20, 1986), defendant, Elaine Dabrishus is preliminarily enjoined from:

"(a) Engaging in any employment directly or indirectly related to the wholesale business of selling seafood in the *geographic* area of Berks County, Pennsylvania . . ." (emphasis supplied)

On November 13, 1986, plaintiff motioned the court to find defendant in contempt of Judge Saylor's order for failure to cease employment at United Seafood. On June 22, 1987, this court found defendant in contempt of the preliminary injunction. We gave defendant 30 days in which to purge herself of contempt or face a fine of $500 per day. Defendant appealed to Superior Court for a stay of our contempt citation, which was denied.

## DISCUSSION

The dominant purpose of civil contempt proceedings is to aid the private litigant by coercing the contemner into compliance with a court order. *Barrett v. Barett*, 420 Pa. 253, 368 A.2d 616 (1977). The general rule in civil contempt cases is that the complaining party has the burden of proving noncompliance with a court order by preponderance of the evidence. *In re Grand Jury*, 251 Pa. Super. 43, 379 A.2d 323 (1977).

In the present action, there is no doubt that Dabrishus has not complied with the preliminary injunction. Defendant admitted that she continued to work at United Seafood since the issuance of the preliminary injunction. However, she asserts that

the preliminary injunction order is vague and is subject to different interpretations. The judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be understood, it can be a deadly one. *International Longshoremen's Association v. Philadelphia Marine Trade Association,* 389 U.S. 64, 19 L.Ed. 2d 236 (1967).

More specifically, Dabrishus claims that the term, "geographic area of Berks County," contained in Judge Saylor's order, allows her to work for United Seafood as long as she solicits customers outside of Berks County. In support of this argument, defendant cites contract principles that are used in interpreting the intent of a contract.

We believe that the use of contract principles in interpreting a court order is erroneous. A court order is not an agreement entered into voluntarily by two parties. The order is either clear on its face and valid, or vague and invalid. It is this court's task to review the order to determine if it sets clear standards.

We find no Pennsylvania authority that will guide us in determining if a court order is clear. However, the U.S. Supreme Court, in *International Longshoremen's Association v. Philadelphia Marine Trade Association, supra,* reviewed a contempt order for vagueness and used the standard contained in Fed. R. C. P. 65. We believe that the standard in this rule is applicable to this situation. The standard used by the court was that the order must be specific in terms and describe in reasonable detail the act or acts sought to be restained.

In reviewing the court order, we find the term, "geographic area of Berks County," to be specific and reasonable in detail. If Judge Saylor wanted to prevent defendant from conducting business only

in Berks County, he would have used only the term Berks County. The team "area" as used in Webster's 3d New International Dictionary, 1970, is defined as a region that includes and surrounds. Thus, when Judge Saylor used the term "area" in his order, he was clearly enjoining defendant from doing business not only in Berks, but also in Montgomery, Chester, Schuylkill and Lancaster Countries. The language used by Judge Saylor is entirely consistent with the employment agreement.

Due to the aforementioned reasons, we therefore find that the injunction's requirements were clear and defendant is guilty of contempt of a court order.